# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| RICHARD BROWN, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>        Defendant. | Case No. 2:23-cv-4002<br><br>CASE BELOW:<br>Circuit Court of Cole County, Missouri<br>Case No. 22AC-AC00423-01 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendant State Farm Fire and Casualty Company ("State Farm") hereby removes the above-captioned action, involving an insured property in Florissant, Missouri, from the Circuit Court of Cole County, Missouri, to this District Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Publ. L. 109-2, 119 Stat. 4, codified in pertinent part at 28 U.S.C. §§1332(d) and 1453, and pursuant to 28 U.S.C. §§1441 and 1446. In support of this Notice of Removal, State Farm states as follows:

**I.    STANDARD FOR REMOVAL ALLEGATIONS**

1. A notice of removal need only contain "a short and plain statement of the grounds for removal." 28 U.S.C.A. § 1446. As the Supreme Court has explained, "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the 'pleading' requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting H.R. Rep. No. 100–889, p. 71

(1988)).[1] In keeping with this liberal approach, "a defendant's notice of removal need include only . . . plausible allegation[s]" regarding the CAFA requirements. *Id.* at 89.

## II. PROCEDURAL HISTORY

2. On April 27, 2022, Plaintiff Richard Brown ("Plaintiff") apparently filed his original petition asserting individual and proposed class claims against State Farm in the Circuit Court of Cole County, Missouri, Case No. 22AC-AC00423. Ex. 1, Copy of Docket Sheet, Case No. 22AC-AC00423. State Farm was never served with the original petition. Instead, on June 5, 2022, Plaintiff filed his First Amended Petition ("Amended Petition" or "Am. Pet.") and apparently moved to certify the case for reassignment to a full Circuit Court Judge, without notice to State Farm, which motion was granted on June 7, 2022. *Id.* (The case number was updated at that time to 22AC-AC00423-01. *See* Ex. 2, Copy of Docket Sheet, Case No. 22AC-AC00423-01.) A copy of the Amended Petition is attached hereto as Exhibit 3.

3. On December 5, 2022, State Farm's counsel accepted service of the Amended Petition and filed their appearances. *See* Ex. 2.

4. The Amended Petition purports to allege one claim for breach of contract and one claim for declaratory judgment.

5. Plaintiff alleges that State Farm covered "certain losses" to Plaintiff's property at 4026 Flandre Cover Court, Florissant, Missouri (the "Property"), under a State Farm insurance policy (the "Policy"). Am. Pet. at ¶9. Plaintiff alleges that on or about May 31, 2013, the Property suffered damages covered by the Policy, that State Farm determined the loss was covered under

---

[1] In contrast to other removed actions, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee*, 574 U.S. at 89; *see also Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 983 (8th Cir. 2019) (discussing one of the primary purposes of CAFA as opening the federal courts to corporate defendants in class actions).

the Policy, and that State Farm determined the amount of the loss by estimating the cost to repair the damage and then applying depreciation to that total cost to arrive at an estimated actual cash value (or "ACV") of the loss. *Id.* at ¶¶11-18.

6. Plaintiff acknowledges that "both labor and materials incurred to build a structure, or create a building product, become integrated with the home or building and may be depreciated following a casualty loss as part of the calculation of ACV benefits." *Id.* at ¶20. However, Plaintiff asserts that it is improper to apply depreciation to "future labor costs" associated with repairs when ACV is calculated. *Id.* at ¶21. Plaintiff alleges that when State Farm "calculated Plaintiff's ACV benefits owed under the Policy," State Farm "withheld costs for both the materials and future labor required to repair or replace the Plaintiff's building as depreciation . . . ." *Id.*

7. Plaintiff asserts that State Farm's method of calculating the estimated ACV for his loss breached the terms of his Policy, and that Plaintiff received less than he was allegedly entitled to receive under the Policy. *Id.* at ¶ 23.

8. State Farm has not yet filed an answer or other response to the Amended Petition but denies these allegations and assertions.

9. This case is properly removed to this Court pursuant to 28 U.S.C. §§1441, 1446, and 1453, because State Farm has satisfied the procedural requirements for removal and because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(d).

10. CAFA jurisdiction exists because the action: (1) includes alleged class members whose citizenship is diverse from that of State Farm, (2) has at least 100 putative class members, and (3) places an aggregate amount in controversy in excess of $5,000,000. *See* 28 U.S.C. §§1332(d)(2), (d)(5)–(6).

### III. STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

11. State Farm's removal of the instant action to this Court is timely. State Farm accepted service of the Amended Petition and filed its appearances in the action on December 5, 2022. *See* Ex. 2, Copy of Docket Sheet, Case No. 22AC-AC00423-01. This Notice of Removal has been filed within 30 days thereafter, and it accordingly is timely. *See* 28 U.S.C. §1446(b)(1).

12. Because the Circuit Court of Cole County, Missouri, is located in the Western District of Missouri, Central Division, this Court is the only federal court to which this matter properly could be removed, notwithstanding the fact that the insured property is located in Florissant, Missouri. *See* 28 U.S.C. §1441(a) (a state-filed action subject to federal jurisdiction may be removed "to the district and division embracing the place where such action is pending."); Local Rule 3.2(a)(2) ("The Central Division [of the Western District of Missouri] comprises the counties of . . . Cole . . .").

13. Consistent with the requirements of 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon State Farm with respect to this action, *see* Exs. 1-3, are attached and filed herewith. A copy of the Civil Cover Sheet for this matter is attached as Exhibit 4 hereto.

14. As 28 U.S.C. §1446(d) requires, a copy of this Notice of Removal is being served upon Plaintiff's counsel, and a copy is being filed with the Clerk of the Circuit Court of Cole County, Missouri.

# IV. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION UNDER CAFA.

15. Under CAFA, this Court has diversity jurisdiction over any asserted class action[2] that: (1) includes at least one class member who is a citizen of a state different from any defendant; (2) would have at least 100 putative class members; and (3) involves an aggregate amount in controversy of $5,000,000 or more. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), (6).

### A. CAFA's Minimal Diversity Requirement is Satisfied.

16. Plaintiff alleges that he is a citizen and resident of St. Louis County, Missouri. Am. Pet. at ¶1.

17. In contrast, Plaintiff alleges that State Farm is an insurance company organized and existing under the laws of Illinois, and that it maintains its principal place of business in Illinois. Am. Pet. at ¶2.

18. Consistent with Plaintiff's allegations, State Farm alleges that it is organized under the laws of Illinois and that it maintains its principal place of business in Illinois. State Farm is therefore a citizen of Illinois for purposes of federal jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *State Farm Fire and Cas. Co. v. Rogers*, Case No. 6:19-cv-03336-SRB, 2020 WL 877815, at *1 (W.D. Mo. February 21, 2020) (noting that State Farm Fire and Casualty Company is "an Illinois insurance company").

19. These allegations are sufficient to satisfy CAFA's minimal diversity requirement under 28 U.S.C. § 1332(d)(2)(A).

---

[2] A "class action" includes any civil action filed under Federal Rule of Civil Procedure 23 or "similar State statute or rule of judicial procedure." 28 U.S.C. §1332(d)(1)(B). Plaintiff asserted his class allegations pursuant to Missouri's class action rule. *See* Am. Pet. at ¶29.

### B. The CAFA's Asserted Class Size Requirement is Satisfied.

20. More than 100 members would fall within the scope of Plaintiff's proposed class. Plaintiff seeks to represent a putative class defined as follows:

> All Defendant's policyholders (or their lawful assignees) who within ten years of the filing of this Petition through the date of class certification, made: (1) a structural damage claim for property located in Missouri; and (2) for which Defendant accepted coverage and then chose to calculate actual cash value exclusively pursuant to the replacement cost less depreciation methodology and not any other methodology, such as fair market value; and (3) which resulted in an actual cask value payment during the class period from which non-material depreciation was withheld from the policy holder; or which should have resulted in an actual cash value payment but for the withholding of non-material depreciation causing the loss to drop below the applicable deductible, for the maximum limitations period as may be allowed by law.

Am. Pet. at ¶30. Thus, the alleged class period purports to span 10 years, which is the statute of limitations period applicable in Missouri for a breach of contract claim. *See, e.g.*, *Armistead v. A.L.W. Grp.*, 155 S.W.3d 814, 817 n.4 (Mo. Ct. App. 2005) (citing Mo. Rev. Stat. §516.110.1).

21. Plaintiff affirmatively asserts in the Amended Petition that members of the putative class are so numerous that joinder would be impracticable and that the putative class includes "hundreds or thousands" of members. Am. Pet. at ¶33. Thus, Plaintiff's allegations alone sufficiently satisfy CAFA's 100-member threshold.

22. Consistent with Plaintiff's allegations, State Farm also alleges that there likely are more than 100 members of Plaintiff's asserted class. During the 10-year timeframe referenced in the alleged class definition, State Farm has offered property insurance for damage to thousands of homes and other structures in Missouri and paid thousands of structural damage claims. While State Farm does not track "labor depreciation" in respect to its structural damage claim payments to insureds, State Farm has obtained from its third-party estimating vendor data regarding the amount of depreciation attributable to non-material components of estimated repair costs (including labor) in respect to repair estimates that State Farm prepared for structural damage to

Missouri structures over several years. For the year 2014 (which is included within the asserted class period and is the year after Plaintiff's loss allegedly occurred), there were over 10,000 claims for structural damage submitted to State Farm where (i) the structure in question was located within the State of Missouri and (ii) State Farm prepared a structural damage estimate that included calculations for depreciation attributable to the non-material component of estimated repair costs. While not all of these claims necessarily received a structural damage claim payment on which depreciation was applied to estimated labor costs, this count for just a single year of Plaintiff's 10-year asserted class period demonstrates that there would be thousands of claims potentially included within Plaintiff's asserted class definition.

23. The foregoing allegations show that CAFA's class-size requirement is met here even if just one year of the 10-year asserted class period is considered. *See Dart Cherokee*, 574 U.S. at 88–89.

### C. The Asserted Class Claims Place More than $5,000,000 in Controversy.

24. Finally, State Farm further alleges that the proposed class claims asserted in the Amended Petition raise a matter in controversy that "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C §1332(d)(6).

25. State Farm certainly disputes that Plaintiff has stated a viable claim for breach of contract and that any damages whatsoever are owed to Plaintiff or the asserted class. But what matters to the jurisdictional inquiry is the amount the class *conceivably* could recover *assuming* Plaintiff succeeded in this suit. *See Dart Cherokee*, 574 U.S. at 87–89. Where the complaint is silent or ambiguous as to the amount in controversy, "a defendant's removal notice need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*. at 89.

26. As the Eighth Circuit Court of Appeals has instructed, "[t]he removing party's burden of describing how the controversy exceeds [the required amount-in-controversy] constitutes a pleading requirement, not a demand for proof." *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 944 (8th Cir. 2012) (citation omitted). "A removing defendant can establish federal jurisdiction with specific factual allegations … combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 636 (8th Cir. 2017) (citation omitted).[3]

27. Under this standard, Plaintiff's proposed class claims and pleas for class relief would place more than $5,000,000 in controversy.

28. Plaintiff demands recovery on behalf of the asserted class for all "labor costs" that State Farm allegedly "withheld" as depreciation from its structural damage claim payments, "plus all applicable prejudgment interest on all such sums." Am. Pet. at 14 (¶5). In addition, Plaintiff demands recovery of all "costs, expenses, and disbursements" incurred by Plaintiff and the proposed class in connection with the lawsuit. *Id.* at 14 (¶6).

29. As noted above, while State Farm does not track "labor depreciation" as applied for its structural damage claim payments to its insureds, it has obtained from its third-party vendor estimating data regarding the amount of depreciation attributable to non-material components of estimated repair costs (including labor) in respect to repair estimates that State Farm prepared for structural damage to Missouri structures over several years. The total amount of such non-material depreciation on those estimates prepared during the year 2014 (which, again, is included within Plaintiff's asserted class period) is approximately $9.1 million.

---

[3] An evidentiary showing is only required after the filing of a notice of removal if the defendant's plausible allegations are disputed. *See Dart Cherokee*, 574 U.S. at 88; *Waters*, 873 F.3d at 635–36.

30. The depreciation calculated on State Farm's repair estimates is not always actually applied when State Farm issues payment to an insured. For example, State Farm sometimes pays full replacement cost for claims "up front," and also sometimes issues initial claim payments that are a blend of replacement cost payments and actual cash value payments.

31. Nonetheless, assuming (as Plaintiff alleges) that insureds are paid based on the aforementioned estimates and that the non-material depreciation amounts associated with those estimates were deducted from those insureds' claim payments (again as Plaintiff alleges), the alleged breach of contract damages for 2014 alone would satisfy CAFA's $5 million aggregate damages threshold.

32. In sum, considering the compensatory relief sought by Plaintiff and the asserted class as set forth in the Amended Petition (which covers ten years, not just the single year of 2014), it is clear that the amount in controversy in this action exceeds the minimum amount required for CAFA jurisdiction.

**D. This Notice of Removal is Not an Admission of Damages or Liability.**

33. Nothing in this Notice of Removal is a concession by State Farm that Plaintiff has incurred damages or an admission of liability. As a matter of law, a removing party may argue that, *assuming* the plaintiff succeeds on the merits, the amount-in-controversy would be over the jurisdictional threshold while continuing to deny liability. *See Schafer v. MacMillan*, No. 4:14-CV-1053-DGK, 2015 WL 4715247, at *4 n.5 (W.D. Mo. Aug. 7, 2015) (citing *Raskas v. Johnson & Johnson*, 719 F.3d 884, 886–88 (8th Cir. 2013)); *see also Hartis*, 694 F.3d at 945 (a removing party "need not confess liability in order to show that the controversy exceeds" the jurisdictional threshold). Similarly, the "fact that [a] Defendant removed [a] case does not mean that [the] Defendant concedes that [the] Plaintiff has adequately alleged appropriate damages." *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) (citation omitted). It follows that "[t]his Court's

9

Case 2:23-cv-04002-MDH   Document 1   Filed 01/04/23   Page 9 of 11

exercise of subject matter jurisdiction over Plaintiff's claims does not automatically imply that Plaintiff has stated a claim upon which the Court can grant relief." *Key*, 454 F. Supp. 2d at 691 (granting motion to dismiss after granting removal because plaintiff did not allege viable claim).

## V. THE DEADLINE TO FILE A RESPONSE TO THE AMENDED PETITION.

34. State Farm accepted service of the Amended Petition that was filed in state court on December 5, 2022. Because this case is now removed to federal court, pursuant to Rule 81(c)(2) of the Federal Rules of Civil Procedure, State Farm's response to the Amended Petition is due seven days after this Notice of Removal is filed.

## CONCLUSION

35. For all the foregoing reasons, State Farm has properly alleged all prerequisites for the Court to exercise CAFA jurisdiction over this action.

**WHEREFORE**, State Farm hereby removes this action from the Circuit County of Cole County, Missouri, to this Court.

Dated: January 4, 2023

By: */s/ J. Russell Jackson*

James F. Bennett #46826
Robert F. Epperson, Jr. #46430
J. Russell Jackson #65689
Michael J. Kuhn #58936
DOWD BENNETT LLP
7733 Forsyth Blvd., Suite 1900
St. Louis, MO 63105
Telephone: (314) 889-7300
Facsimile: (314) 863-2111
jbennett@dowdbennett.com
repperson@dowdbennett.com
rjackson@dowdbennett.com
mkuhn@dowdbennett.com

*Counsel for Defendant State Farm Fire and Casualty Company*

# CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States District Court of the Western District of Missouri using the electronic filing system. I will attach a file-stamped copy of this pleading to the Notice to the State Court Clerk of Removal filed in the Circuit Court for Cole County, Missouri, this same date, using that court's electronic filing system and completing service on all counsel of record. The foregoing will also be sent, this same date, by electronic mail to the following counsel of record for Plaintiff R. Brown:

David T. Butsch
Christopher E. Roberts
BUTSCH ROBERTS & ASSOCIATES LLC
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
Butsch@butschroberts.com
Roberts@butschroberts.com

Douglas J. Winters
THE WINTERS GROUP
190 Carondelet Plaza, Suite 1100
St. Louis, MO 63105
dwinters@winterslg.com

   Attorneys for Plaintiff

By: */s/ J. Russell Jackson*