IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

RICHARD BROWN,

        Plaintiff,

v.

STATE FARM FIRE AND CASUALTY
COMPANY,

        Defendant.

Case No. 2:23-cv-04002-BCW

## PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO STATE FARM'S MOTION TO TRANSFER VENUE (DKT. 17)

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND...................................................................2

    I.     THE PARTIES AND COMMENCEMENT OF THIS ACTION ..........................2

    II.    PLAINTIFF'S CLAIMS ...............................................................................3

    III.   THE WITNESSES AND ESI AT ISSUE.........................................................4

    IV.   THIS COURT HAS SUBSTANTIAL EXPERIENCE WITH LABOR DEPRECIATION CLASS ACTIONS AND NUMEROUS LABOR DEPRECIATION CLASS CASES ARE PENDING BEFORE THIS COURT .....5

ARGUMENT ....................................................................................................................6

    I.     LEGAL STANDARD....................................................................................6

    II.    THE CONVENIENCE FACTORS DO NOT WARRANT TRANSFER...............8

        A.  This Court's Reasoning In *Boss* Demonstrates Transfer Is Not Warranted .....8

        B.  This Court Is Equally Convenient As The Eastern District............................12

    III.   THE INTEREST-OF-JUSTICE FACTORS DO NOT WARRANT TRANSFER ........................................................................................14

CONCLUSION.................................................................................................................15

# TABLE OF AUTHORITIES

Cases

*Arnold v. State Farm Fire & Cas. Co.*, No. 17-148 (S.D. Ala.) ....................................................13

*Arnold v. State Farm Fire & Cas. Co.*, 2020 WL 6879271 (S.D. Ala. Nov. 23, 2020) ...............11

*Battenfield Techs., Inc. v. Birchwood Labs., Inc.*, 2011 WL 4088901
    (W.D. Mo. Sept. 14, 2011) (Laughrey, J.). ...........................................................................6

*Boss v. The Travelers Home & Marine Ins. Co.*, No.16-04065-NKL .............................................6

*Boss v. The Travelers Home & Marine Ins. Co.*, 2016 WL 3200289
    (W.D. Mo. June 8, 2016) ...................................................................................... *passim*

*Franklin v. Lexington Ins. Co.*, 652 S.W.3d 286 (Mo. Ct. App. 2022) ....................................1, 11

*GCA Glob. Partners, Inc. v. Yates Carpet, Inc.*, 2006 WL 1045919
    (E.D. Mo. Apr. 19, 2006).................................................................................................8, 12

*Geismann v. ZocDoc, Inc.*, 2014 WL 4230910 (E.D. Mo. Aug. 26, 2014) ...................................8

*H-E-B, LP v. Olympia Tools Int'l, Inc.*, 2021 WL 3171890 (S.D. Cal. July 27, 2021)...................4

*Harrison v. Gen. Motors Co.*, 2017 WL 11341317 (W.D. Mo. Sept. 25, 2017) .....................7, 13

*Held v. Auto-Owners (Mut.) Ins. Co.*, No. 22-cv-04162-NKL .......................................................5

*Hirsch v. Am. Family Mut. Ins. Co.*, No. 23-04005-SRB ..............................................................6

*Houk v. Kimberly-Clark Corp.,* 613 F. Supp. 923 (W.D. Mo. 1985) ..............................................7

*In re: Multidistrict Private Civil Treble Damage Litigation Involving Plumbing Fixtures*,
    30 F. Supp. 242, 244 (J.P.M.D.L. 1970)......................................................................5, 14

*Janson v. LegalZoom.com, Inc.*, 727 F. Supp. 2d 782 (W.D. Mo. 2010) ................................7, 15

*Kuczyski v. GEICO Advantage Ins. Co.*, 2016 WL 374732 (E.D. Pa. Feb. 1, 2016) .....................8

*LaBrier v. State Farm Fire & Cas. Co.*, No. 15-4093-NKL...................................................6, 10

*Leonard v. Del. N. Cos. Sport Serv., Inc.*, 2015 WL 4935094 (W.D. Mo. Aug. 18, 2015)...........15

*Litman v. State Auto Prop. & Cas. Ins. Co.*, No. 22-4178-NKL ....................................................5

Case 2:23-cv-04002-NKL   Document 38   Filed 02/24/23   Page 3 of 22

*M&M Rental, LLC v. State Farm Fire & Cas. Co.,* Case No. 3:23-cv-05011 ..................... *passim*

*Maine Cmty. Health Options v. Walgreen Co.*, 2018 WL 6696042
    (W.D. Wis. Dec. 20, 2018) ...........................................................................4

*Mitchell v. State Farm Fire & Cas. Co.*, 327 F.R.D. 552 (N.D. Miss. 2018)...............................11

*Mitchell v. State Farm Fire & Cas. Co.*, 954 F.3d 700 (5th Cir. 2020).........................................11

*Osment Model Trains, Inc. v. Mike's Train House, Inc.*, 2010 WL 386182
    (W.D. Mo. Jan. 27, 2010) (Laughrey, J.)..............................................................7

*Reese v. CNH Am. LLH*, 574 F.3d 315 (6th Cir. 2009) ...............................................................14

*Riggins v. Am. Family Mut. Ins. Co.*, No. 14-4171-SRB ...............................................................6

*Schmidt v. Liberty Mut. Fire Ins. Co.*, No. 16-04035-NKL...........................................................6

*Schmidt v. Liberty Mut. Ins. Co.*, 2016 WL 2689649 (W.D. Mo. May 9, 2016).................. *passim*

*Scott v. Safeco Ins. Co. of Am.*, No. 23-04008-NKL .....................................................................5

*Simpkins v. Univ. of Kan. Hosp. Auth.*, 2016 WL 738229 (W.D. Mo. Feb. 23, 2016).................15

*Sitzer v. Nat'l Ass'n of Realtors*, 2019 WL 11648563 (W.D. Mo. Aug. 22, 2019)......................13

*Sprow v. Hartford Ins. Co.*, 594 F.2d 412 (5th Cir. 1979)..............................................................4

*Steen v. Murray*, 770 F.3d 698 (8th Cir. 2014)...............................................................................6

*Strong v. Am. States Preferred Ins. Co.*, 66 S.W.3d 104 (Mo. Ct. App. 2001) ..............................2

*Stuart v. State Farm Fire & Cas. Co.*, 910 F.3d 371 (8th Cir. 2018) ...........................................11

*Van Dusen v. Barrack*, 376 U.S. 612 (1964) ...............................................................................14

*Varney v. Am. Family Mut. Ins. Co.*, No.23-4004-SRB .................................................................6

*Wang v. Safeco Ins. Co. of Am.*, No 15-4191-NKL ........................................................................6

*Wang v. Safeco Ins. Co. of Am.*, 2016 WL 2689587 (W.D. Mo. May 9, 2016) ................... *passim*

Statutes, Codes and Rules

28 U.S.C. § 1404(a) ..............................................................................................1, 6, 7

Fed. R. Civ. P. 26......................................................................................................4

Missouri. R.S. Mo. § 375.096.1 ...............................................................................2

Missouri. R.S. Mo. § 375.256 ..................................................................................2


Other Authorities

State Farm Insurance Agent, Jefferson City, MO – John Conrad,
https://www.statefarm.com/agent/us/mo/jefferson-cty/john-conrad-jsgmq2cn000
(last visited February 23, 2023) ...............................................................................2

William B. Rubenstein, 3 NEWBERG AND RUBENSTEIN ON CLASS ACTIONS § 10:35
    (6th ed. Dec. 2022 Update) .................................................................................5

## INTRODUCTION

This lawsuit centers on an issue of contractual interpretation. The seminal issue is whether State Farm's standard-form property insurance policies allow State Farm to withhold from "actual cash value" ("ACV") payments portions of the agreed-to and undisputed amounts of future labor costs, as determined by State Farm itself, as "depreciation." Dkt. 1-3, ¶¶ 27-28. State Farm's form policies do not expressly permit this practice. *Id.* In a unanimous decision, the Missouri Court of Appeals recently held that "labor may not be depreciated under an insurance policy that does not define ACV or depreciation to expressly include labor depreciation." *Franklin v. Lexington Ins. Co.*, 652 S.W.3d 286, 303 (Mo. Ct. App. 2022).

Despite this Court's familiarity with the labor depreciation issues in this case, State Farm moves under 28 U.S.C. § 1404(a) to transfer this action from the Western District of Missouri to the Eastern District of Missouri for the purported convenience of the parties and witnesses and in the interest of justice. State Farm's motion to transfer conveniently ignores the fact that this Court has uniformly denied nearly identical motions by three separate insurers in labor depreciation class actions. *See Boss v. The Travelers Home & Marine Ins. Co.*, 2016 WL 3200289 (W.D. Mo. June 8, 2016); *Schmidt v. Liberty Mut. Ins. Co.*, 2016 WL 2689649 (W.D. Mo. May 9, 2016); *Wang v. Safeco Ins. Co. of Am.*, 2016 WL 2689587 (W.D. Mo. May 9, 2016). State Farm offers no legitimate rationale for why the Court should now deviate from its well-reasoned holdings in these cases, all of which rejected the identical arguments State Farm raises here. Just as in *Boss*, *Schmidt,* and *Wang*, State Farm fails to satisfy its substantial burden of establishing the Section 1404(a) convenience of parties and witnesses factors and the interest of justice factors warrant transfer.

This case is even stronger than *Boss*, *Schmidt.* and *Wang* for an additional reason. After State Farm filed its Motion to Transfer, a new labor depreciation class action was filed against

State Farm in this District. *See M&M Rental, LLC v. State Farm Fire & Cas. Co.,* Case No. 3:23-cv-05011, filed February 23, 2023 (the "Parallel *M&M* Case").[1] The Parallel *M&M* Case was tagged "related" to this action, involves the exact same subject matter as this case, and similarly seeks certification of a class of Missouri policyholders whose claims were underpaid as a result of State Farm's labor depreciation practices. The property at issue in the Parallel *M&M* Case is located in the Southwest Division of this District, and the original policyholders and plaintiff-assignee are residents of Nevada, Missouri, which is located in the Southwestern Division of this District. Because the Parallel *M&M* Case is likely to be consolidated with this case, the existence of the Parallel *M&M* Case provides additional reason for this Court to retain venue.

State Farm's motion to transfer venue should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. THE PARTIES AND COMMENCEMENT OF THIS ACTION

State Farm sells homeowners' and commercial property insurance in Missouri. Dkt. 1-3, ¶¶ 2-3, 6. State Farm employs insurance agents in Cole County, Missouri to sell its insurance policies.[2] State Farm is an Illinois company with its principal place of business in Bloomington, Illinois. Dkt. 1, ¶¶ 17-18. As a foreign insurer, State Farm's registered agent is the Director of the Missouri Department of Insurance, located in Jefferson City, Missouri. R.S. Mo. §§ 375.096.1, 375.256; *see generally Strong v. Am. States Preferred Ins. Co.*, 66 S.W.3d 104, 107 (Mo. Ct. App. 2001).

---

[1] A copy of the Complaint filed in the Parallel *M&M* Case is attached hereto as Exhibit A to the Declaration of T. Joseph Snodgrass, filed concurrently herewith.

[2] *See, e.g.*, State Farm Insurance Agent, Jefferson City, MO – John Conrad, https://www.statefarm.com/agent/us/mo/jefferson-cty/john-conrad-jsgmq2cn000 (last visited February 23, 2023).

Plaintiff filed suit on behalf of himself and a putative class of similarly situated Missouri policyholders in the Circuit Court of Cole County, Missouri, Case No. 22AC-AC00423. Plaintiff later filed his First Amended Petition, and the case was reassigned the case number, 22AC-AC00423-01. *See* Dkt. 1-3. Plaintiff is a resident of St. Louis County, Missouri. Dkt. 1-3, ¶ 1. Plaintiff alleges that, contrary to State Farm's standard-form insurance policies, State Farm improperly withheld future labor costs from his and similarly situated policyholders' ACV payments as "depreciation." *Id. passim.* State Farm timely removed the case to this Court. Dkt. 1.

## II.   PLAINTIFF'S CLAIMS

State Farm issued a homeowners' policy to Plaintiff. Dkt. 1-3, ¶ 9. State Farm's homeowners' policy does not define "actual cash value" or "depreciation," and does not address depreciating labor costs. Dkt. 14-1. Plaintiff suffered a covered property loss to his home. *Id.* at ¶ 10. State Farm then informed Plaintiff in writing that State Farm chose to calculate his loss exclusively using "replacement cost less depreciation" ("RCLD") methodology. *See id.* at ¶ 17; *see also* Dkt. 32-2, at 3. State Farm issued an ACV payment to Plaintiff that withheld future labor repair costs. Dkt. 1-3, ¶ 23.

Plaintiff seeks to represent a putative class of Missouri property insurance policyholders for whom State Farm exclusively applied the RCLD methodology to calculate State Farm's ACV payment obligations. *Id.* at ¶ 30. This lawsuit only concerns claims for which State Farm accepted coverage and then calculated ACV pursuant to the RCLD methodology, as opposed to a fair market value approach. *Id.* at ¶ 8. Plaintiff does *not* dispute *any replacement cost valuations* made by *any* State Farm adjuster. The First Amended Petition specifically alleges that Plaintiff only disputes whether portions of the "*agreed-to and undisputed amounts of future labor, as determined by*

*Defendant itself*," may be withheld by Defendant as "depreciation." *Id.* at ¶ 28.[3] Finally, the putative class is limited to persons whose ACV payments were reduced or eliminated by the application of depreciation option settings within Xactimate® software. *Id.* at ¶ 30.

## III. THE WITNESSES AND ESI AT ISSUE

State Farm identified multiple witnesses and evidence in its Rule 26 disclosures and its declarations filed in support of its motion to transfer venue. *See generally* Dkts. 17-1, 17-2, 17-3; Ex. B. The declarations and disclosures establish that: 1) all the non-party witnesses located in Missouri are within this Court's subpoena power;[4] 2) the only other non-party witnesses are in Utah, Colorado, and Indiana; 3) the remaining identified witnesses are State Farm employees and Plaintiff and his wife; and 4) much of the substantive evidence in this case is maintained electronically.

More specifically, State Farm identified sixteen individuals it believes may have discoverable information concerning its claims and defenses. Five witnesses are non-parties (Xactware Solutions, Brian Teipel, Stonebridge Roofing, William Glaese, and Alfred Rey). Xactware, Glaese, and Rey are in Utah, Colorado, and Indiana. The other two witnesses are in Missouri within the Court's subpoena power. Nine of the witnesses are State Farm employees— two of whom are in Missouri (*see* Dkt. 17-1, ¶¶ 3-4), and the others are presumably in Illinois,

---

[3] Unless otherwise noted, all emphasis is added, and internal citations and footnotes are omitted.

[4] Courts calculate distance in a straight line "as the crow flies," not by street distance. *Sprow v. Hartford Ins. Co.*, 594 F.2d 412, 417 (5th Cir. 1979); *H-E-B, LP v. Olympia Tools Int'l, Inc.*, 2021 WL 3171890, at *2 (S.D. Cal. July 27, 2021) (finding "the numerous district court cases adopting the straight-line approach—in contrast to a dearth of cases adopting the route of travel approach— persuasive"); *Maine Cmty. Health Options v. Walgreen Co.*, 2018 WL 6696042, at *3 (W.D. Wis. Dec. 20, 2018) (discussing benefits of using a straight-line calculation over driving distance for purposes of measuring 100 miles under Rule 45 and collecting cases).

where State Farm is headquartered. *See* Ex. B. The other witnesses identified are Plaintiff and his wife. *See id.*

## IV. THIS COURT HAS SUBSTANTIAL EXPERIENCE WITH LABOR DEPRECIATION CLASS ACTIONS AND NUMEROUS LABOR DEPRECIATION CLASS CASES ARE PENDING BEFORE THIS COURT.

This case is one of seven labor depreciation class actions currently pending in the Western District, including the Parallel *M&M* Case. The Parallel *M&M* Case involves similar allegations as in this case and was tagged "related" to this case. The homeowners and plaintiff-assignee in the Parallel *M&M* Case are all residents of Nevada, Missouri, and the residence at issue in the Parallel *M&M* Case is in Nevada as well, thus firmly establishing that venue there is proper in this Court. It is quite likely that this Court or a party will move to consolidate the overlapping State Farm labor depreciation class actions. If the cases are not consolidated, pretrial discovery will almost certainly be coordinated. Indeed, "overlapping class actions" present "one of the strongest reasons" for a single district court to hold coordinated or consolidated pretrial proceedings. *In re: Multidistrict Private Civil Treble Damage Litigation Involving Plumbing Fixtures*, 30 F. Supp. 242, 244 (J.P.M.D.L. 1970); *see also* William B. Rubenstein, 3 Newberg and Rubenstein on Class Actions § 10:35 (6th ed. Dec. 2022 Update) ("Class actions have been consolidated in a variety of circumstances.").

In addition to the instant case and the Parallel *M&M* Case, this Court is presently presiding over three other labor depreciation class actions. *Held v. Auto-Owners (Mut.) Ins. Co.*, No. 22-cv-04162-NKL; *Litman v. State Auto Prop. & Cas. Ins. Co.*, No. 22-4178-NKL; *Scott v. Safeco Ins. Co. of Am.*, No. 23-04008-NKL. Judge Bough is currently presiding over two labor depreciation

5

cases. *Varney v. Am. Family Mut. Ins. Co.*, No.23-4004-SRB; *Hirsch v. Am. Family Mut. Ins. Co.*, No. 23-04005-SRB.[5]

This Court previously presided over four other labor depreciation class actions, including one against State Farm. *LaBrier v. State Farm Fire & Cas. Co.*, No. 15-4093-NKL; *Wang v. Safeco Ins. Co. of Am.*, No 15-4191-NKL; *Schmidt v. Liberty Mut. Fire Ins. Co.*, No. 16-04035-NKL; *Boss v. The Travelers Home & Marine Ins. Co.*, No.16-04065-NKL. Judge Bough previously presided over *Riggins v. Am. Family Mut. Ins. Co.*, No. 14-4171-SRB.

Notably, in each of the labor depreciation cases previously before this Court, except *LaBrier*, the insurers moved to transfer the cases to the Eastern District. This Court denied each of the insurers' motions to transfer based on nearly identical arguments State Farm raises here. *See Boss*, 2016 WL 3200289; *Schmidt*, 2016 WL 2689649; *Wang*, 2016 WL 2689587. State Farm does not address any of these rulings.

## **ARGUMENT**

## I.  **LEGAL STANDARD**

Section 1404(a) allows a district court to transfer an action to another district "[f]or the convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a). While the decision to transfer rests within the district court's discretion, the burden on the party seeking to transfer venue is "substantial." *Steen v. Murray*, 770 F.3d 698, 702 (8th Cir. 2014); *Battenfield Techs., Inc. v. Birchwood Labs., Inc.*, 2011 WL 4088901, at *2 (W.D. Mo. Sept. 14, 2011) (Laughrey, J.). This substantial burden is not satisfied unless the movant "clearly show[s] that the

---

[5] Plaintiff's counsel is unaware of any labor depreciation cases pending in the Eastern District of Missouri.

balance of the interests weighs in its favor." *Osment Model Trains, Inc. v. Mike's Train House, Inc.*, 2010 WL 386182, at *1 (W.D. Mo. Jan. 27, 2010) (Laughrey, J.).

"When determining the propriety of transfer, the Court considers '(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice,' along with undertaking a case-specific evaluation of the circumstances surrounding the requested transfer to determine whether transfer is warranted." *Boss*, 2016 WL 3200289, at *1. There are multiple factors the Court may consider when analyzing the convenience factor in a motion to transfer venue presented under § 1404(a), including: "the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, [] and the adequacy of deposition testimony, [] the accessibility to records and documents, the location where the conduct complained of occurred, and [] the applicability of each forum state's substantive law." *Id.* at *2.

The convenience of the witnesses is the "primary, if not the most important factor" in analyzing a motion to transfer under § 1404(a). *Houk v. Kimberly-Clark Corp.,* 613 F. Supp. 923, 928 (W.D. Mo. 1985). The "convenience of the witnesses" factor is neutral "where both parties identify witnesses with information critical to the issues in [the] case." *Janson v. LegalZoom.com, Inc.*, 727 F. Supp. 2d 782, 788 (W.D. Mo. 2010). The convenience to the witnesses is not a "battle of numbers" but a determination of the "nature and quality of their testimony in relationship to the issues of the case." *Id.*

The inconvenience to a *party* witness is given minimal weight compared to the inconvenience of a *non-party* witness. *See Harrison v. Gen. Motors Co.*, 2017 WL 11341317, at *2 (W.D. Mo. Sept. 25, 2017) (explaining that "inconvenience caused to party-employees is not of 'paramount concern'" because it is assumed that witnesses within the control of the party calling them will voluntarily appear in a foreign forum). Any purported inconvenience to a party-

employee witness is of minimal concern because "it is generally assumed that witnesses within the control of the party calling them, such as employees, will appear voluntarily in a foreign forum …." *Geismann v. ZocDoc, Inc.*, 2014 WL 4230910, at *2 (E.D. Mo. Aug. 26, 2014). Conversely, the convenience of non-party witnesses is a factor in venue determinations due to "the concern that non-party witnesses may not voluntarily appear at trial." *GCA Glob. Partners, Inc. v. Yates Carpet, Inc.*, 2006 WL 1045919, at *2 (E.D. Mo. Apr. 19, 2006). Finally, in choosing between bordering districts, "[t]he close proximity of the districts at issue … makes a transfer unnecessary for the convenience of the parties." *Kuczyski v. GEICO Advantage Ins. Co.*, 2016 WL 374732, at *2 (E.D. Pa. Feb. 1, 2016).

The Court also considers multiple factors to determine whether the interests of justice support transfer, including:

> judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

*Boss*, 2016 WL 3200289, at *3.

## II.   THE CONVENIENCE FACTORS DO NOT WARRANT TRANSFER

### A.  This Court's Reasoning In *Boss* Demonstrates Transfer Is Not Warranted.

State Farm asserts the same "convenience" arguments that this Court squarely rejected in *Boss*, a similar labor depreciation class action. In *Boss*, this Court denied the insurer's motion to transfer venue from the Western District of Missouri to the Eastern District of Missouri although all the relevant events took place just outside of St. Louis, all physical and documentary evidence was in St. Louis, plaintiff lived just outside of St. Louis, and many witnesses lived near St. Louis. *Boss*, 2016 WL 3200289, at *2-4.

Like the insurer in *Boss*, State Farm argues that most of the witnesses and evidence relevant to this lawsuit are located within the Eastern District. The claims manager and claims specialist presently assigned[6] to Plaintiff's claim (not assigned at the time of loss) both reside in the Eastern District. The two repair contractors who initially inspected and worked on Plaintiff's property are also located in the Eastern District.[7] State Farm also contends that because other State Farm documents and witnesses potentially relevant to the case are located at State Farm's headquarters in Illinois, it would be more convenient for those witnesses to appear in the Eastern District because it is easier for them to travel to St. Louis than Jefferson City. *See* Dkt. 18, at 3-8, 10-11.

This Court's previous rejection of the same types of assertions raised by State Farm apply with equal force here. As this Court explained in *Boss*:

> While the identified evidence is located within the Eastern District, transfer of the case to the Eastern District would not substantially decrease the costs associated with discovery. *Relevant documents are likely to be produced electronically*. More importantly, Travelers has not shown that the discovery it describes is sufficiently likely to occur to justify transfer. The focus of this lawsuit is on disputed language in an insurance policy. Was it proper for Travelers to depreciate labor when it calculated actual cash value? *The pleadings in this case do not appear to question the reasonableness of the repairs made, so any testimony by the claims adjustor or the contractor about who did the repairs is unlikely to be relevant*. Likewise, Travelers has not indicated how the testimony of an insured would clarify whether the insurance contract authorizes labor to be depreciated. *Nor has Travelers suggested any defense that it intends to raise which would revolve around evidence located in the Eastern District. Based on the Court's prior experience with similar cases, it is not aware of any such likely evidence located there*.
>
> It is also unlikely that transfer would significantly impact potential witnesses. Rule 45 provides that the Court may issue subpoenas "at any place within the United States." Fed. R. Civ. P. 45(b)(2). Moreover, the district in which the action is pending will have no impact on the location of any depositions as "[a] party or

---

[6] State Farm does not identify the individual who inspected Plaintiff's loss in 2013 or where he or she is located. Rather, State Farm simply states that he or she was an independent adjuster, not an employee of State Farm. Dkt. 18, at 2, n.1 (citing Dkt. 18-1, at 2, n.1).

[7] State Farm also asserts that it had a physical office in St. Louis County, Missouri at the time of Plaintiff's loss in May 2013 but it has since closed. State Farm does not explain why that matters (because it does not). *See* Dkt. 18, at 3; Dkt. 18-1, ¶ 8.

attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). It would be unreasonable for the parties to require deponents to appear for depositions in Jefferson City simply because that is where the Court is located. The location of any depositions will be determined by factors which have nothing to do with the location of the courthouse.

If witnesses are needed to testify in court it is also unlikely that they will be significantly burdened by the action remaining in the Western District. The Court may command witnesses to attend trials and hearings "within 100 miles of where the person resides, is employed, or regularly transacts business in person; or ... within the state where the person resides, is employed, or regularly transacts business in person, if the person ... is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c). Even if residing outside of the 100 mile radius relevant to the first provision, any witnesses located in Ballwin and the surrounding area will likely be able to compelled to attend Western District proceedings under the second provision, as Ballwin is approximately 120 miles from Jefferson City. Witnesses in the Eastern District should not be significantly burdened by having to travel this distance should appearances at a hearing or trial be required, *which is highly unlikely. Witnesses coming from outside of Missouri would also not be significantly burdened by the case remaining in the Western District, as Columbia Regional Airport, which is served by American Airlines, is located only 20 miles north of the courthouse in Jefferson City*.

While the events resulting in this lawsuit occurred in St. Louis, which is within the Eastern District, the Court concludes that *this factor bears less on the propriety of transfer in this case where transfer is sought from one Missouri District Court to another*, than in other cases where transfer between states is sought. *See Simpkins v. Univ. of Kansas Hospital*, 2016 WL 738229 (W.D. Mo. Feb. 23, 2016). *The same substantive law will apply in the case regardless of whether it is heard in the Eastern or Western District*.

*Boss*, 2016 WL 3200289, at *2-3; *Schmidt*, 2016 WL 2689649, at *2-3 (rejecting similar insurer arguments in favor of transfer to the Eastern District); *Wang*, 2016 WL 2689587, at *2-3 (same).

State Farm seeks to side-step this Court's uniform holdings in *Boss*, *Schmidt*, and *Wang*— by simply not addressing them. Instead, State Farm argues that the Eighth Circuit's ruling in *LaBrier* makes it impossible for the Court to adjudicate the ultimate liability question in this case "without analyzing 'all the facts surrounding a particular insured's partial loss.'" Dkt. 18, at 6 (quoting *LaBrier*, 872 F.3d at 577). State Farm argues that the "facts surrounding" Plaintiff's loss

might include: the condition of Plaintiff's property at the time of loss, the reasonableness of State Farm's estimates, the reasonableness of repairs estimated and performed by Plaintiff's contractors, and the manner in which State Farm calculated Plaintiff's ACV payment. *See id.* State Farm's argument ignores Plaintiff's allegations in this case. Plaintiff does *not* contest any of the RCV, depreciation, or ACV valuations set forth in State Farm's Xactimate® estimate, nor is there any dispute concerning State Farm's use of the RCLD methodology to calculate the loss. Instead, Plaintiff only disputes whether portions of the "*agreed-to and undisputed amounts of future labor, as determined by Defendant itself,*" may be withheld by State Farm as "depreciation." Dkt. 1-3, at ¶ 28.

This case ultimately turns on the interpretation of State Farm's form insurance policies. Accordingly, "[t]here is no need for a jury to evaluate conflicting estimates based on different methodologies; *the parties agreed on a methodology* and the only dispute is over including labor depreciation in the calculation, which is a discrete portion of the formula that is easily segregated and quantified." *Stuart v. State Farm Fire & Cas. Co.*, 910 F.3d 371, 377 (8th Cir. 2018). Stated differently, "the issue is *not* whether the [ACV] payments paid by State Farm were reasonable or sufficient, but rather whether State Farm was entitled to deduct labor depreciation in the first place." *Mitchell v. State Farm Fire & Cas. Co.*, 327 F.R.D. 552, 563 (N.D. Miss. 2018), *aff'd by* 954 F.3d 700 (5th Cir. 2020); *Arnold v. State Farm Fire & Cas. Co.*, 2020 WL 6879271, at *8 (S.D. Ala. Nov. 23, 2020) (same); *accord Franklin*, 652 S.W.3d at 304 (same). Plaintiff's "claim is merely dependent on the amount State Farm owed its insureds under its policies in the first place yet deducted through labor depreciation, an amount calculated through State Farm's Xactimate system." *Mitchell*, 327 F.R.D. at 563; *Arnold*, 2020 WL 6879271, at *8; *Franklin*, 652 S.W.3d at 304. The witnesses and categories of evidence identified by State Farm are unlikely to be relevant

to the claims and defenses in this case. *Boss*, 2016 WL 3200289, at *2-3; *Schmidt*, 2016 WL 2689649, at *2-3; *Wang*, 2016 WL 2689587, at *2-3.

### B. This Court Is Equally Convenient As The Eastern District.

As to damages, one primary issue is determining the amount of labor depreciation withheld from Plaintiff's and the putative class members' claims. State Farm used an estimating software called Xactimate® to prepare estimates for Plaintiff and the putative class members and withheld labor depreciation from these estimates. *See* Ex. B, at 2 (identifying "Corporate representative(s) of Xactware" with knowledge of "Xactware estimating software; Xactimate pricing research; the estimated nature of prices used by Xactware"). The owner of the Xactimate® software is headquartered in Lehi, Utah. Plaintiff anticipates that employees or representatives of Xactware will provide testimony in this case. Whether the case is heard in a federal court in the Eastern or Western District of Missouri is likely of equal convenience (or inconvenience) to Xactware.[8]

State Farm identifies two other non-party witnesses from Colorado and Indiana who are "External Claims Resource[s]" with knowledge of "State Farm's handling of Plaintiff's claim." Ex. B, at 2-3. However, "[w]itnesses coming from outside of Missouri would [] not be significantly burdened by the case remaining in the Western District" given the proximity to the Columbia Regional airport. *Boss*, 2016 WL 3200289, at *3. The other two non-party witnesses are Missouri contractors and are within the Court's subpoena power, thereby alleviating any concern that they "may not voluntarily appear at trial." *GCA Glob.*, 2006 WL 1045919, at *2. Moreover, as this Court recognized in *Boss*, given the nature of the claims in this case, "any testimony by the claims adjustor or the contractor about who did the repairs is unlikely to be relevant." *Boss*, 2016 WL

---

[8] According to State Farm's logic concerning out-of-state witnesses, this Court would be more convenient for Xactware. Lehi, Utah is closer to Jefferson City than to St. Louis. Nearby Columbia, Missouri has an airport served by American Airlines. *See Boss,* 2016 WL 3200289, at *3.

3200289, at *2.[9] In any event, State Farm has not presented any evidence that it would be cost-prohibitive for any of these non-party witnesses to attend a trial in the Western District.

Most of the witnesses State Farm identifies are its own employees. "[I]nconvenience caused to party-employees is not of 'paramount concern' because 'it is generally assumed that witnesses within the control of the party calling them, such as employees, will appear voluntarily in a foreign forum.'" *Harrison*, 2017 WL 11341317, at *2. State Farm has not suggested its employees will refuse to appear. Therefore, this Court should disregard any purported inconvenience to State Farm's employees in litigating this case in this District.

Additionally, the evidence in this case will rely primarily upon the ESI maintained by State Farm and Xactware. "The location of records and documents is less relevant in the modern era since most documents are produced electronically." *Sitzer v. Nat'l Ass'n of Realtors*, 2019 WL 11648563 (W.D. Mo. Aug. 22, 2019) (rejecting argument that location of documents favored transfer); *Boss*, 2016 WL 3200289, at *2 (similar holding). Moreover, to the extent any relevant documents are maintained in hard-copy, documents are routinely produced between parties in litigation regardless of where the documents are located without difficulty or delay. Producing documents is no easier if the case is transferred from the Western District to the Eastern District.

Finally, the existence of the Parallel *M&M* Case renders State Farm's convenience arguments moot. The Parallel *M&M* Case and this case are likely to be consolidated, and even if they are not, many of the same witnesses identified by State Farm in this case will also be witnesses in the Parallel *M&M* Case. Because "overlapping class actions" present "one of the strongest

---

[9] In fact, in the most recently certified and settled labor depreciation class action involving State Farm and many of the same lawyers for both parties, *Arnold v. State Farm Fire & Cas. Co.*, No. 17-148 (S.D. Ala.), there were three named plaintiff-properties at issue, but not a single contractor or adjuster was deposed by any party.

13

reasons" for a single district court to hold coordinated or consolidated pretrial proceedings, this Court should retain venue to streamline the actions, preserve judicial economy, and avoid the risk of inconsistent rulings regarding the same subject matter. *See In re: Multidistrict Private Civil Treble Damage Litigation Involving Plumbing Fixtures*, 30 F. Supp. at 244.

## III.     THE INTEREST-OF-JUSTICE FACTORS DO NOT WARRANT TRANSFER.

This Court has developed substantial familiarity with the issues presented in labor depreciation class actions. With seven class action labor depreciation cases now pending in this District—four of which are currently pending before this Court—transfer to a new judge in a new district who is less familiar with the issues will not promote judicial economy. Judicial economy weighs strongly against transfer of this action. *See Boss*, 2016 WL 3200289, at *4 ("[T]he issue most likely to be in dispute in this case is whether labor is depreciable when [ACV] is calculated. This very issue has been previously addressed by the Court and therefore, as a practical matter, judicial economy is better served by this case being resolved in the Western District of Missouri.").[10] Simply put, judicial economy is served by not transferring this case because this Court is intimately familiar with the relevant labor depreciation issues.

Moreover, if this case is certified as a class action, it will affect thousands of State Farm policyholders residing in the Western District. According to State Farm, in 2014 alone, there are over 10,000 claims that potentially fall within Plaintiff's proposed class. *See* Dkt. 1, at ¶¶ 20, 22. Thousands of the putative class members presumably reside in or are located in this District. While these policyholders are not technically part of the case yet, the Court need not turn a blind eye to

---

[10] *Accord Reese v. CNH Am. LLH*, 574 F.3d 315, 320 (6th Cir. 2009) (keeping a judge who handled a companion case and was familiar with the factual and legal issues outweighed any convenience to the parties and witnesses based on the proposed transfer); *see also Van Dusen v. Barrack*, 376 U.S. 612, 645 (1964) (retaining actions with judges who "possess more ready familiarity" with the relevant laws "may be advantageous").

their likely future participation. *Janson*, 727 F. Supp. 2d at 788 ("Presumably, if Plaintiffs' proposed class is certified, it will consist of additional witnesses who are also located in Missouri."). If a class is certified, thousands of Western District policyholders and thousands of Eastern District policyholders will be affected. The Western District has an interest as strong as the Eastern District in this action. This equal interest weighs against transfer.

The other interest-of-justice factors are neutral and, as a result, do not outweigh the judicial economy of retaining the case in this District. This Court previously rejected the same interest-of-justice arguments raised here by State Farm:

> [T]he Eastern District and the Western District fall within Missouri and the relevant law binding the courts is the same. Moreover, nothing indicates that either party would have difficulty enforcing a judgment or obtaining a fair trial in the Eastern or Western District. The comparative costs to the parties of litigating in each forum are largely the same. While [State Farm] argues that the costs to [Plaintiff] would be lower if the action were litigated in the Eastern District as his counsel is located in St. Louis, the location of a party's lawyer is not significant to the venue analysis. Otherwise, the choice of lawyers could assist a party who is primarily forum shopping.

*Boss*, 2016 WL 3200289, at *4; *Schmidt*, 2016 WL 2689649, at *4 (same); *Wang*, 2016 WL 2689587, at *3-4 (same). Because State Farm "has not shown that the 'balance [of interests] is strongly in favor' of transfer, the Court [should] decline to exercise its discretion to transfer the case to the Eastern District of Missouri." *Boss*, 2016 WL 3200289, at *4.[11]

## CONCLUSION

Based on the foregoing, State Farm's motion to transfer should be denied.

---

[11] This Court has previously granted transfer in two of the cases cited by State Farm. *Simpkins v. Univ. of Kan. Hosp. Auth.*, 2016 WL 738229 (W.D. Mo. Feb. 23, 2016); *Leonard v. Del. N. Cos. Sport Serv., Inc.*, 2015 WL 4935094 (W.D. Mo. Aug. 18, 2015). *See* Dkt. 18, at 10, 12. However, as this Court stated in *Boss*, "those cases were substantially more likely to raise disputed issues of fact, making some forums substantially more convenient than others. Further, those cases did not involve a primarily legal dispute that had previously been addressed by the Court. They are therefore distinguishable." *Boss*, 2016 WL 3200289, at *4 n.2.

15

Dated: February 24, 2023

Respectfully submitted,

s/ T. Joseph Snodgrass
T. Joseph Snodgrass*
SNODGRASS LAW LLC
100 S. Fifth St., Suite 800
Minneapolis, MN 55402
Tel: (612) 448-2600
jsnodgrass@snodgrass-law.com

David T. Butsch #37539
Christopher E. Roberts #61895
BUTSCH ROBERTS & ASSOCIATES LLC
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
Tel: (314) 863-5700
Fax: (314) 863-5711
Butsch@ButschRoberts.com
Roberts@ButschRoberts.com

Douglas J. Winters #65284
THE WINTERS LAW GROUP, LLC
190 Carondelet Plaza, Suite 1100
St. Louis, MO 63105
Tel: (314) 499-5200
dwinters@winterslg.com

J. Brandon McWherter*
MCWHERTER SCOTT BOBBITT PLC
341 Cool Springs Blvd., Suite 230
Franklin, TN 37067
Tel: (615) 354-1144
Fax: (731) 664-1540
brandon@msb.law

Erik D. Peterson*
ERIK PETERSON LAW OFFICES PSC
249 E. Main St., Suite 150
Lexington, KY 40507
Tel: (800) 614-1957
erik@eplo.law

Attorneys for Plaintiff and Putative Class
Representative

*admitted pro hac vice

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of February, 2023, a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system all counsel of record:

*s/ T. Joseph Snodgrass*