IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| RICHARD BROWN, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:23-cv-04002-MDH |
| v. | ) ) | |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANT'S COMBINED MOTION FOR RECONSIDERATION AND CERTIFICATION UNDER SECTION 1292(b) (Dkt. 56)**

# TABLE OF CONTENTS

I. THE COURT SHOULD NOT RECONSIDER ITS PRIOR ORDER ............................. 1

    A. State Farm Repeats Its Arguments And Does Not Demonstrate (1) The Court Misunderstood A Party, (2) The Court's Ruling Went Beyond The Adversarial Issues, Or (3) A Subsequent Change In The Law ....................................................... 2

    B. The Court's Order Does Not Go Beyond The Adversarial Issues ............................. 6

    C. The Court's Order Is Not "Clearly Erroneous" ........................................................ 7

II. STATE FARM FAILS TO MEET SECTION 1292(b) STANDARD FOR INTERLOCUTORY APPEAL ................................................................................................ 8

    A. There Is No Controlling Question Of Law .............................................................. 9

    B. There Is No Actual Or Substantial Ground For Difference Of Opinion On Any Controlling Issue Of Law ........................................................................................ 10

    C. Certification Would Not Materially Advance The Litigation ................................ 13

CONCLUSION ............................................................................................................................ 14

# TABLE OF AUTHORITIES

Cases

*Absolute Vision Prop. & Mgmt., LLC v. Barton Mut. Ins. Co.*,
   No. 2222-AC059911-01 (Circuit Court of the City of St. Louis)..............................13

*Abts v. Mercy Health*, 2020 WL 3469357 (E.D. Mo. June 25, 2020) ...............................5

*Adams v. City of Kansas City, Mo.,* 2022 WL 138102 (W.D. Mo. Jan. 14, 2022).........................9

*Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674 (7th Cir. 2000)..........................12

*Anderson v. Hansen*, 2021 WL 4061068 (E.D. Mo. Sept. 7, 2021) ..............................12

*Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716 (8th Cir. 2010)............................................1

*Arnold v. State Farm Fire & Cas. Co.*, 2017 WL 5451749 (S.D. Ala. Nov. 14, 2017) ..............8, 9

*Boss v. Travelers Home & Marine Ins. Co.*,
   2016 WL 5939350 (W.D. Mo. Oct. 12, 2016)...................................................13

*Bugg v. Boots*, 2009 WL 1255450 (W.D. Mo. Apr. 30, 2009) ..........................................5

*Carmen T. Weaver v. Am. Nat'l Prop. & Cas. Co.*,
   No. 22SL-CC04642 (Circuit Court of St. Louis County)..........................................13

*Cincinnati Ins. Co. v. Jacob Rieger & Co., LLC*,
   2021 WL 4498647 (W.D. Mo. Sept. 2, 2021).......................................................5

*Clark v. Mell*, 2020 WL 1640336 (E.D. Mo. Apr. 2, 2020) ................................................5

*Control Data Corp. v. Int'l Bus. Machs. Corp*, 421 F.2d 323 (8th Cir. 1970).................9

*Cranfield v. State Farm Fire & Cas. Co.*, 798 F. App'x 929 (6th Cir. 2020) .................4

*Cummins v. EG & G Sealol, Inc.*, 697 F. Supp. 64 (D.R.I. 1988) ..................................13

*Emerson Elec. Co. v. Yeo,* 2013 WL 440578 (E.D. Mo. Feb. 5, 2013) ..........................10

*Emp'rs Reinsurance Corp. v. Mass. Mut. Life Ins. Co.*,
   2010 WL 2540097 (W.D. Mo. June 16, 2010) .....................................................12

*Erie Railroad Co. v. Thompkins*, 304 U.S. 64 (1938).......................................................10

*Franklin v. Lexington Ins. Co.*, 652 S.W.3d 286 (Mo. Ct. App. 2022) ................... passim

*Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn., LLC*,
   2013 WL 4028144 (D. Minn. Aug. 7, 2013) ................................................................12

*Holden Farms, Inc. v. Hog Slat, Inc.*, 347 F.3d 1055 (8th Cir. 2003) ..............................10, 11, 14

*In re State Farm Fire & Cas. Co. (LaBrier)*, 872 F.3d 567 (8th Cir. 2017) .......................... passim

*Kingman v. Dillard's, Inc.*, 643 F.3d 607 (8th Cir. 2011) ...............................................13

*McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251 (11th Cir. 2009) ..............................................10

*Mitchell v. State Farm Fire & Cas. Co.*, 954 F.3d 700 (5th Cir. 2020) ............................................4

*Ozark Inv. Prop., LLC v. Secura Ins. Co.*,
   No. 22AC-CC06918 (Circuit Court of Cole County) ................................................................13

*Pina v. Am. Shaman Franchise, LLC*, 2023 WL 2573893 (W.D. Mo. Mar. 20, 2023) ............1, 2, 5

*Raines v. Safeco Ins. Co. of Am.*, 637 F.3d 872 (8th Cir. 2011) .......................................................11

*Sharma v. Shipman*, 2022 WL 2678517 (W.D. Mo. July 11, 2022) (Harpool, J.) ....................1, 5, 6

*State Farm Fire & Cas. Co. v. Ewing*, 269 F.3d 888 (8th Cir. 2001) ............................................13

*Target Corp. v. ACE Am. Ins. Co.*, 2022 WL 4592094 (D. Minn. Sep. 30, 2022) ........................12

*Thompson v. Allstate Ins. Co.*, No. 22AC-00425-01 (Circuit Court of Cole County) ...................13

*Union Cnty, Iowa. v. Piper Jaffray & Co.*, 525 F.3d 643 (8th Cir. 2008) .......................................9

*West v. Am. Tel. & Tel. Co.*, 311 U.S. 223 (1940) ......................................................................11

*White v. Nix*, 43 F.3d 374 (8th Cir. 1994) ..............................................................................9, 13

Statues, Rules and Codes

28 U.S.C. § 1292(b) ................................................................................................................ passim

Fed. R. Civ. P. 54(b) .........................................................................................................................2

Other Authorities

30 Hon. David D. Noce, Mo. Prac., Ins. Law & Prac. §§ 6:5, 6:8, 6:26
   (2d ed. Nov. 2022 Update) ................................................................................................4

This Court and counsel dedicated significant attention to State Farm's four separate dispositive and venue motions. Dkts. 13, 15, 17, 34. State Farm now seeks reconsideration or interlocutory appeal of certain issues addressed by this Court's August 29, 2023 Order denying those motions (Dkt. 52). *See* Dkt. 56. Motions for reconsideration and interlocutory appeal are warranted only in narrow, "exceptional" circumstances. State Farm fails to show an "exceptional" circumstance and its motion should be denied in its entirety.

I. THE COURT SHOULD NOT RECONSIDER ITS PRIOR ORDER.

Courts should use the power to reconsider an order "sparingly." *Sharma v. Shipman*, 2022 WL 2678517, at *1 (W.D. Mo. July 11, 2022) (Harpool, J.). "Motions to reconsider serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Pina v. Am. Shaman Franchise, LLC*, 2023 WL 2573893, at *2 (W.D. Mo. Mar. 20, 2023) (quoting *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010)). Motions to reconsider may only be granted in "exceptional circumstances requiring extraordinary relief." *Id.*[1] Reconsideration is only warranted in the rare circumstance in which the Court "(1) misunderstood a party, (2) made a decision outside of the adversarial issues, or (3) would be rendered incorrect because of a controlling or significant change in law since the issues were submitted to the Court." *Id.* This standard makes perfect sense as "judicial economy" and "respect for the finality" of orders would otherwise be "undermined." *Id.*

State Farm fails to establish any "exceptional circumstances" as it asks the Court to undertake the process of reconsideration. Indeed, State Farm simply "reiterates facts and arguments that were before the Court in the underlying motions." *Id.* "The facts [State Farm] wishes to emphasize in its Motion [for reconsideration] additionally do not speak to an argument

---

[1] Unless otherwise noted, all emphasis is added, and internal citations and footnotes are omitted.

1

that the Court misunderstood a party, made a decision outside of the adversarial issues, or would be rendered incorrect because of a controlling or significant change in law since the issues were submitted to the Court" back in January 2023. *Id.* Because State Farm's Motion "is an attempt to reargue [its motion to dismiss], the Motion for Reconsideration at hand lacks merit under F.R.C.P. 54(b)" and should be denied. *Id.*

> A. **State Farm Repeats Its Arguments And Does Not Demonstrate (1) The Court Misunderstood A Party, (2) The Court's Ruling Went Beyond The Adversarial Issues, Or (3) A Subsequent Change In The Law.**

As to four of its five arguments, State Farm makes no claim that the Court misunderstood a party, the ruling went beyond adversarial issues, or that there has been a change in the law since the issues were submitted to the Court. Rather, State Farm simply repeats the primary arguments it made in its underlying briefing as reflected in the following table:

| **State Farm's Argument in Support of its Motion to Reconsider (Dkt. 57)** | **State Farm's Argument in Support of its Motion to Dismiss (Dkt. 41)** |
|---|---|
| **Argument 1 – ACV Methodology**<br><br>"The Court's Order first determined that Plaintiff alleged facts plausibly suggesting an effective difference between this case and *LaBrier*[2] regarding State Farm's contractual right to choose a method for estimating a policyholder's ACV. . . . [T]his conclusion erroneously conflates two distinct concepts: (1) State Farm's contractual right to choose an initial method for estimating ACV from among many other potentially available methods; and (2) any right State Farm may have had under its contract to later recalculate ACV by a different method." Dkt. 57, at 3. | "Plaintiff first erroneously contends that this case differs from *LaBrier* because the proposed class here includes only claims where State Farm 'chose' to use a specific methodology to estimate ACV, whereas in *LaBrier* State Farm 'could have used different methods.' Plaintiff's argument conflates – and improperly attempts to merge – two distinct concepts: (1) what the policy's terms required or permitted State Farm to do (*sic*); and (2) what State Farm 'chose' to do in view of those terms. . . . Thus, in both *LaBrier* and this case, State Farm 'could have used different methods' to estimate that value." Dkt. 41, at 7-8. |

---

[2] *In re State Farm Fire & Cas. Co. (LaBrier)*, 872 F.3d 567 (8th Cir. 2017) (hereinafter "*LaBrier*").

| | |
|---|---|
| **Argument 2 – Different Types of Labor Costs**<br><br>"The Order also determined that, at least as alleged in the complaint, this case concerns the depreciation of a different type of labor cost than was at issue in *LaBrier*. . . . [T]his determination was also clear error." Dkt. 57, at 5. | "Plaintiff misleadingly argues that this case differs from *LaBrier* because *LaBrier* supposedly concerned the depreciation of 'embedded' labor costs, whereas this suit supposedly concerns the depreciation of 'future' labor costs. In fact, both cases involve the same costs: the labor costs it appears *will be* needed in the future to complete repairs." Dkt. 41, at 9. |
| **Argument 3 – No Dispute of Valuations**<br><br>"The Order further appeared to conclude in a footnote that this case may differ materially from *LaBrier* based on Plaintiff's argument that 'he does not dispute any replacement cost valuations' by State Farm. . . . To the extent the Order made this assumption and concluded that Plaintiff's argument – as opposed to the factual allegations in his complaint – established a material difference between this case and *LaBrier*, reconsideration is also appropriate." Dkt. 57, at 6; *see also id.* at 6, n.1 ("*As State Farm explained in support of its motion to dismiss*, … [t]he plaintiff in *LaBrier* claimed disagreement with and injury from only the 'output' …. The same is true here. The sole basis of Plaintiff's purported harm here is State Farm's estimate of ACV …."). | "Plaintiff next erroneously contends that this case is unlike *LaBrier* because, whereas the plaintiff there did not agree with State Farm's 'estimates,' Plaintiff here supposedly agrees with State Farm's 'valuations.' . . . [N]otwithstanding Plaintiff's supposed 'agreement' with State Farm's assessment of the potential labor costs needed for repairs, he necessarily *does not agree* with State Farm's estimate of ACV derived from those costs. . . . The same was true in *LaBrier*." Dkt. 41, at 8 (emphasis in original); *see also id.* ("State Farm's 'estimate' of ACV was the sole basis of the plaintiff's alleged injury in *LaBrier*, and it is the sole basis of Plaintiff's purported injury here."). |

State Farm raises a fourth argument for the Court's reconsideration: "the Order appears to have held that under Missouri law, a party waives a given contractual right simply by exercising it. Respectfully, this cannot be so…. Here, Plaintiff has alleged only that State Farm acted consistently with the terms of Plaintiff's policy by estimating ACV with a method of State Farm's choosing—just as State Farm did in *LaBrier*[.]" Dkt. 57, at 4 (citing Missouri case law concerning

3

implied waiver). This issue was addressed in the parties' underlying briefing on both State Farm's Motion to Dismiss and Motion to Strike.

In opposing both motions, Plaintiff argued that State Farm waived its right to change damages methodologies by affirmatively making payment based upon a unilateral decision to apply the "replacement cost less depreciation" ("RCLD") methodology, confirming its decision in writing[3] and providing the writing to Plaintiff. *See* Dkt. 32, at 13, n.14; Dkt. 37, at 8-9, n.11; *see also* 30 Hon. David D. Noce, Mo. Prac., Ins. Law & Prac. §§ 6:5, 6:8, 6:26 (2d ed. Nov. 2022 Update) ("An express waiver results from an oral or *written* declaration of a waiver of a known right …. An insurer's intention to relinquish a right under the policy may be established by the insurer's unequivocal conduct that is contrary to the claim provision of the policy."). In its reply memorandum in support of dismissal, State Farm elected not to address the issue of waiver. *See generally* Dkt. 41. In its reply memorandum in support of striking the class allegations, State Farm argued (as it does here) that the policy provides State Farm the right to choose its methodology and State Farm "did not 'express[ly] waive' its ability to later select an alternative method[,] … [n]or did it 'clearly and unequivocally show[]' an intent to employ only the referenced method for all of time." Dkt. 45, at 5-6, n.6 (citing Missouri case law concerning express waiver); *see also* Dkt. 57, at 4.

The Court addressed State Farm's express waiver argument, holding that "the Court cannot conclude on the face of the pleadings and documents referenced therein that State Farm's alleged

---

[3] Courts have repeatedly relied upon such estimates and other explanatory materials provided by the insurer to the insured in similar labor depreciation litigation. *See, e.g., Mitchell v. State Farm Fire & Cas. Co.*, 954 F.3d 700, 703-04 (5th Cir. 2020) (noting while ACV was not defined in the policy, "State Farm explained in a document provided to Mitchell that Actual Cash Value is the 'repair or replacement cost of the damaged part of the property less depreciation and deductible.'"); *Cranfield v. State Farm Fire & Cas. Co.*, 798 F. App'x 929, 929 (6th Cir. 2020) (relying upon the definitions of ACV and depreciation found in "[t]he policy and related documents").

4

waiver was not clear or unequivocal." Dkt. 52, at 6, n.1. State Farm now wishes to apprise the Court of additional Missouri case law—existing at the time it filed its reply memoranda—concerning implied waiver. This is improper. "A motion for reconsideration is *not* a vehicle to identify … legal arguments that could have been, but were not, raised at the time the relevant motion was pending." *Cincinnati Ins. Co. v. Jacob Rieger & Co., LLC*, 2021 WL 4498647, at *1 (W.D. Mo. Sept. 2, 2021).

Similarly, reconsideration is *not* warranted where the party seeking reconsideration simply "reiterates facts and arguments" previously "before the Court." *Sharma*, 2022 WL 2678517, at *1; *see also Pina*, 2023 WL 2573893, at *1 ("A motion to reconsider 'is not a vehicle for simple reargument on the merits.'"). State Farm's attempt to reargue four arguments it previously raised—and, in the case of waiver, cite to *pre-existing* case law—is not a proper basis for reconsideration. *See Pina*, 2023 WL 2573893, at *2 ("Despite its claims to the contrary, Defendant fully addressed causation in its reply in support of the summary judgment motion. In the pending motion to reconsider, Defendant attempts to improperly re-assert those prior arguments."); *Clark v. Mell*, 2020 WL 1640336, at *1-2 (E.D. Mo. Apr. 2, 2020) (denying motion to reconsider when movant "reargues the same arguments he has previously presented" on the underlying motion; recognizing the purpose of reconsideration "is not to give parties an opportunity to re-argue their case"); *Bugg v. Boots*, 2009 WL 1255450, at *1 (W.D. Mo. Apr. 30, 2009) (denying reconsideration motion and holding "new and rehashed arguments … are not an appropriate basis for reconsideration [of a motion to dismiss]").

Where, as here, "litigants have once battled for the court's decision, they should neither be required, nor without good reason be permitted, to battle for it again." *Abts v. Mercy Health*, 2020 WL 3469357, at *2 (E.D. Mo. June 25, 2020). Because Defendant largely repeats the arguments it

5

made in support of its underlying motions to dismiss and strike, this Court should reject Defendant's attempt to "undermine. . . judicial economy" and "respect the finality" of its thorough and well-reasoned Order denying said motions. *Sharma*, 2022 WL 2678517, at *1.

        **B.**        **The Court's Order Does Not Go Beyond The Adversarial Issues.**

Highlighting the tenuous nature of its motion, State Farm only raises one *new* argument in support of reconsideration relating to a single sentence *in a footnote* of the Court's Order. Dkt. 57, at 7. State Farm argues this single sentence establishes that the Court went beyond the adversarial issues. *Id.* The footnoted sentence states, "[a]nother alleged departure is that 'the putative class is limited to persons whose ACV payments were reduced or eliminated by the application of specifically identified depreciation option settings within the Xactimate software.' (Doc. 32 at 8)." Dkt. 52, at 7, n.2. The Court's quote arises out of paragraph 30 in the operative complaint (Dkt. 1-3, ¶ 30). Nevertheless, State Farm contends the footnote's sentence demonstrates the Court ruled on issues "outside the adversarial issues." Dkt. 57, at 11.

To the contrary, when considering a Rule 12(b)(6) motion to dismiss, the Court reviews the allegations in the complaint and accepts those allegations as true. Dkt. 52, at 3. In other words, the adversarial issues before the Court in a Rule 12(b)(6) motion, and the Court's ruling itself, must conform to the allegations in the complaint. Here, the operative complaint seeks to certify a class of persons who had depreciation applied through the "option settings within Xactimate software …." Dkt. 1-3, ¶ 30. Plaintiff referenced this point. *See* Dkt. 32, at 4-5.

Finally, the Court's observation, while accurate, is dictum. After extensively discussing the alleged factual departures from *LaBrier* in this case, (Dkt. 52, at 3-7), the Court simply noted that "another alleged departure" was Plaintiff's limitation of his proposed class definition to persons whose ACV payments were calculated by Defendant utilizing the option settings within Xactimate.

6

Dkt. 52, at 7, n.2. The Court's reference to allegations in the operative complaint reflects the Court's diligence in following Rule 12(b)(6)'s standards. Dkt. 52, at 3. The reference does *not* provide a basis for reconsideration.

### C. The Court's Order Is Not "Clearly Erroneous."

State Farm contends the Court's Order "contains several clear errors of law" yet cites no cases to support many of its arguments. Dkt. 56, at 3. As to the seminal issue—no court has interpreted the Missouri Court of Appeals' unanimous decision in *Franklin v. Lexington Ins. Co.*, 652 S.W.3d 286 (Mo. Ct. App. 2022), to allow labor depreciation without a labor permissive form—and several Missouri labor depreciation class actions are now pending in state and federal courts. On this primary issue, the Court's decision is on sound footing.

The Court's Order provided two independent bases for denying State Farm's motions to dismiss and strike—the factual distinctions between *LaBrier* and the instant case, *and* the applicability of *Franklin*, *supra*. *See generally* Dkt. 52. Significantly, State Farm does not ask the Court to reconsider its holding that *Franklin* unambiguously applies to this case. *See* Dkt. 57 *passim*. Of note, the Court held:

> A related issue involves the matter of what effect if any the Missouri Court of Appeals ruling has on the Eighth Circuit's opinion in *LaBrier*. . . . Significantly, the Eighth Circuit noted a lack of Missouri case law specifically on this point, predicting that the Missouri Supreme Court, which does not accept certified questions of law from federal courts, would agree with the Eighth Circuit's holding. In 2022, however, the Missouri Court of Appeals expressly held that "labor may not be depreciated under an insurance policy that does not define ACV or depreciation to expressly include labor depreciation." *Franklin v. Lexington Ins. Co.*, 652 S.W.3d 286, 303 (Mo. Ct. App. 2022). . . .
>
> [State Farm's interpretation of *Franklin*] is attenuated, appearing to ignore plain language that establishes without ambiguity that labor may not be depreciated under any Missouri insurance policy that fails to specifically define ACV or depreciation as inclusive of labor depreciation. *Franklin* at 303.

Dkt. 52, at 7 and n.3.

7

Because *Franklin* held that "labor may not be depreciated under any Missouri insurance policy that fails to specifically define ACV or depreciation as inclusive of labor depreciation,"[4] reconsideration of this Court's conclusions as to the differences between this case and *LaBrier* would not alter the result of State Farm's motion to dismiss. "That motion failed because the defendant failed to sustain its burden of showing that the undefined term[s] 'actual cash value' [and 'depreciation'] unambiguously contemplate[] depreciation of labor costs" under Missouri law,[5] as "establishe[d] without ambiguity" by a unanimous Missouri Court of Appeals in *Franklin*. Dkt. 52, at 7, n.3 (citing *Franklin*, 652 S.W.3d at 303). As discussed more thoroughly below regarding State Farm's request for section 1292(b) certification, "[t]hat failure would remain intact" even if the Court were to reconsider State Farm's improperly rehashed arguments concerning *LaBrier*. *Arnold*, 2017 WL 5451749, at *7 (denying motion to reconsider order denying insurer's motion to dismiss labor depreciation breach of contract claim). Under these circumstances, the process of reconsideration is wasteful and unwarranted. State Farm's motion to reconsider should therefore be denied.

## II. STATE FARM FAILS TO MEET SECTION 1292(b) STANDARD FOR INTERLOCUTORY APPEAL.

State Farm moves to certify the question of whether *LaBrier* controls the outcome of this case pursuant to 28 U.S.C. § 1292(b). A district court may certify an order for interlocutory appeal if: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). State Farm's motion should be denied because,

---

[4] *Franklin*, 652 S.W.3d at 303.
[5] *Arnold*, 2017 WL 5451749, at *7.

among other reasons: (1) there is no actual or substantial ground for difference of opinion on the question of whether *LaBrier* controls; and (2) interlocutory appeal will not materially advance the this litigation but rather would result in substantial delay.

The Eighth Circuit has held motions under section 1292(b) "should ... be used only in exceptional cases where a decision on appeal may avoid protracted and expensive litigation...." *White v. Nix*, 43 F.3d 374, 376-77 (8th Cir. 1994) (recognizing the party seeking certification "bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted."). "Accordingly, district courts should 'sparingly' grant section 1292(b) motions. *Id.*; *see also Control Data Corp. v. Int'l Bus. Machs. Corp*, 421 F.2d 323, 325 (8th Cir. 1970) (recognizing the policy to "discourage piecemeal appeals because most often such appeals result in additional burdens to both the courts and the litigants."); *Adams v. City of Kansas City, Mo.*, 2022 WL 138102, at *1 (W.D. Mo. Jan. 14, 2022).[6]

Because "'§ 1292(b) sets a high threshold for certification to prevent piecemeal appeals,' '[m]ost interlocutory orders do not meet this test.'" *Arnold v. State Farm Fire & Cas. Co.*, 2017 WL 5451749, at *2 (S.D. Ala. Nov. 14, 2017) (denying State Farm's motion to "certify for interlocutory appeal the question of whether the undefined Policy term 'actual cash value' unambiguously encompasses depreciation of labor").

### A. There Is No Controlling Question Of Law.

There is no controlling, single question of law. As reflected in this Court's Order, Plaintiff contends the facts and circumstances he alleges (relating to future labor) are different than the facts

---

[6] *See also Union Cnty, Iowa. v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (Section 1292(b) "was not intended merely to provide review of difficult rulings in hard cases."); *Control Data Corp. v. Int'l Bus. Machs. Corp.*, 421 F.2d 323, 325 (8th Cir. 1970) (recognizing it has "long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants.").

litigated and resolved in *LaBrier* (relating to embedded labor). Asking the Eighth Circuit to resolve a legal issue about the continued relevance of *LaBrier*, when *LaBrier* may not factually apply to Plaintiff's claims, is not proper.

> **B.  There Is No Actual Or Substantial Ground For Difference Of Opinion On Any Controlling Issue Of Law.**

As noted, a mandatory requirement for section 1292(b) certification is that the moving party establish "substantial grounds for difference of opinion" on the certified questions of law at issue. 28 U.S.C. § 1292(b). This Court's application of well-settled law to guide its decision that *Franklin* controls is not the type of issue for which immediate interlocutory review was intended under section 1292(b). "The antithesis of a proper § 1292(b) appeal is one that turns on whether … the district court properly applied settled law to the fact or evidence of a particular case." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2009).

"Substantial grounds for a difference of opinion exists when: (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is one of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *Emerson Elec. Co. v. Yeo,* 2013 WL 440578, *2 (E.D. Mo. Feb. 5, 2013).

Here, the question presented is not novel, one of first impression, one where there are differences within the circuit, or one on which circuits are split. First, the Eighth Circuit has already held that an intervening intermediate appellate court decision generally governs over prior Eighth Circuit *Erie* guesses. *Holden Farms, Inc. v. Hog Slat, Inc.*, 347 F.3d 1055, 1066 (8th Cir. 2003).

There is now a recent state appellate court opinion, *Franklin v. Lexington Ins. Co.*, directly on point. 652 S.W.3d at 303. As aptly noted in the Court's Order, this Court is bound by Eighth

Circuit precedent to the ruling in *Franklin* in the absence of "persuasive data" that the state's highest court would rule otherwise:

> State Farm argues that *Franklin* is not binding on this Court, but *LaBrier* is, and therefore the Court should disregard *Franklin*. However, State Farm disregards not only the factual differences discussed above but also Eighth Circuit precedent that expressly provides that the Eighth Circuit "must follow" intermediate appellate state courts "when they are the best evidence of what state law is." *Holden Farms, Inc. v. Hog Slat, Inc.*, 347 F.3d 1055, 1066 (8th Cir. 2003); *see also Raines v. Safeco Ins. Co. of Am.*, 637 F.3d 872, 875 (8th Cir. 2011) ("'[W]here an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940)).

Dkt. 52, at 8. State Farm again fails to produce any data whatsoever suggesting that the Missouri Supreme Court would rule differently than the *Franklin* court.[7] Accordingly, this Court correctly recognized that it was bound to follow *Franklin* as the best evidence of Missouri law.

This Court explicitly recognized that, to the extent *Franklin* conflicts with *LaBrier*, *Franklin* controls the result:

> Thus, insofar as there is a conflict between *LaBrier's* and *Franklin's* interpretations of Missouri law regarding an insurer's right to depreciate for labor costs when calculating ACV using the RCLD methodology in the absence of policy language unambiguously permitting such depreciation, per binding Eighth Circuit precedent, *Franklin* controls.

*Id.* at *9. Contrary to State Farm's assertions, it is not "debatable" under Eighth Circuit standards as to which decision controls. The conclusion is inescapable. *Holden Farms*, 347 F.3d at 1066. Given a plethora of Eighth Circuit precedent supporting this Court's decision that it "must follow" *Franklin*, it is unreasonable to contend that *LaBrier* is controlling. *See* Dkt. 32, at 6, 8-10

---

[7] The Missouri Supreme Court declined transfer of the *Franklin* case by order of October 4, 2022. *Franklin v. Lexington Ins. Co.*, 652 S.W.3d 286 (Mo. Ct. App. 2022), *reh'g and/or transfer denied* (July 26, 2022), *transfer denied* (Oct. 4, 2022).

(collecting cases). For this additional reason, this case does not present the "exceptional case" warranting section 1292(b) appeal.

Moreover, "the question of the meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn., LLC*, 2013 WL 4028144, at *4 (D. Minn. Aug. 7, 2013); *accord Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000) ("We think 'question of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to whether the party opposing summary judgment had raised a genuine issue of material fact."); *Target Corp. v. ACE Am. Ins. Co.*, 2022 WL 4592094, at *2 (D. Minn. Sep. 30, 2022) (denying interlocutory appeal regarding interpretation of insurance policies' terms and ruling that "[q]uestions concerning the interpretation of these contract terms are not controlling questions of law that warrant certification under Section 1292(b)."); *Emp'rs Reinsurance Corp. v. Mass. Mut. Life Ins. Co.*, 2010 WL 2540097, at *2 (W.D. Mo. June 16, 2010) (applying *Ahrenholz* and noting that a court's interpretation of a contract based solely on the language of the contract is not a question of law as contemplated by section 1292(b)). "Courts have consistently held that questions of contractual interpretation should not be certified under § 1292(b)." *Anderson v. Hansen*, 2021 WL 4061068, at *4 (E.D. Mo. Sept. 7, 2021) (collecting cases).

Finally, State Farm's argument that an appeal should proceed to avoid burdensome discovery rings hollow. As recognized by this Court, such an argument is present in every case where a motion to dismiss is denied:

> [T]he argued benefit of avoiding discovery is one that could be made in any pending class action, or for that matter in any lawsuit. Such reasoning could justify interlocutory appeal on many motions to dismiss and that would be inconsistent

12

with the Eighth Circuit's admonition that motions for certification should be "granted sparingly and with discrimination." (*White*, 43 F.3d at 376).

*Boss v. Travelers Home & Marine Ins. Co.*, 2016 WL 5939350, at *2 (W.D. Mo. Oct. 12, 2016). The prospect of discovery is not a justification for piecemeal appellate practice.

      **C.    Certification Would Not Materially Advance The Litigation.**

State Farm's motion also fails because an interlocutory appeal will not materially advance the termination of this case or labor depreciation litigation generally. Even if the appellate proceedings play out as State Farm desires, labor depreciation litigation will continue because a federal court can only predict how the Missouri Supreme Court would resolve an issue of Missouri law, and all Missouri trial and appellate labor depreciation decisions favor policyholders. *See generally State Farm Fire & Cas. Co. v. Ewing*, 269 F.3d 888 (8th Cir. 2001). Missouri courts, like the court in *Franklin*, are free to disagree with the Eighth Circuit's conclusion. *See Kingman v. Dillard's, Inc.*, 643 F.3d 607, 615 (8th Cir. 2011) (noting if the Supreme Court of Missouri has not addressed the issue, we follow "decisions from the intermediate state courts when they are the best evidence of Missouri law"). In any event, a ruling by the Eighth Circuit would not be determinative as the Eighth Circuit is not the ultimate arbiter of state law. *See Cummins v. EG & G Sealol, Inc.*, 697 F. Supp. 64, 70 (D.R.I. 1988) (recognizing that a 1292(b) appeal is unwarranted where a question of state law is best addressed by a state court).

Indeed, there are multiple labor depreciation class actions pending in various Missouri state courts.[8] The courts in those cases will undoubtedly adhere to the ruling in *Franklin*. While

---

[8] *See e.g.*, *Absolute Vision Prop. & Mgmt., LLC v. Barton Mut. Ins. Co.*, No. 2222-AC059911-01 (Circuit Court of the City of St. Louis); *Ozark Inv. Prop., LLC v. Secura Ins. Co.*, No. 22AC-CC06918 (Circuit Court of Cole County); *Thompson v. Allstate Ins. Co.*, No. 22AC-00425-01 (Circuit Court of Cole County); *Carmen T. Weaver v. Am. Nat'l Prop. & Cas. Co.*, No. 22SL-CC04642 (Circuit Court of St. Louis County).

13

strategically seeking an interlocutory federal appeal with the hope that the legal issue will be resolved by what it considers to be a favorable appellate court, State Farm ignores the fact that the Eighth Circuit cannot fully and finally resolve the issue presented. State Farm's litigation tactic is inefficient. Even if an interlocutory appeal was granted and this Court's order was reversed by the Eighth Circuit, the Eighth Circuit's decision would only be adverse to a single policyholder and would not be binding on the many other claimants seeking relief in state court. It makes no sense to certify an interlocutory appeal that would be binding on a single named plaintiff and subject to contrary state court rulings.

Moreover, should an interlocutory appeal proceed, the Eighth Circuit would inevitably apply its own precedent, such as *Holden Farms,* to find that the *Franklin* decision is binding on this Court. Rather than materially advance the litigation, an interlocutory appeal would only result in a substantial delay, likely more than a year, taxing the resources of the parties and the court system. Suffice it to say that efficiency considerations dictate that the case proceed in this Court.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny State Farm's combined motion for reconsideration and certification under 28 U.S.C. § 1292(b) in its entirety.

Dated: October 27, 2023

*s/ T. Joseph Snodgrass*
T. Joseph Snodgrass*
SNODGRASS LAW LLC
100 S. Fifth St., Suite 800
Minneapolis, MN 55402
Tel: (612) 448-2600
jsnodgrass@snodgrass-law.com

Erik D. Peterson*
ERIK PETERSON LAW OFFICES PSC
100 W. Vine Street, Suite 300
Lexington, KY 40507
Tel: (800) 614-1957
erik@eplo.law

14

David T. Butsch #37539  
Christopher E. Roberts #61895  
BUTSCH ROBERTS & ASSOCIATES LLC  
7777 Bonhomme Ave., Suite 1300  
Clayton, MO 63105  
Tel: (314) 863-5700  
Fax: (314) 863-5711  
Butsch@ButschRoberts.com  
Roberts@ButschRoberts.com  

J. Brandon McWherter*  
MCWHERTER SCOTT BOBBITT PLC  
341 Cool Springs Blvd., Suite 230  
Franklin, TN 37067  
Tel: (615) 354-1144  
Fax: (731) 664-1540  
brandon@msb.law  

*Attorneys for Plaintiff and Putative Class Representative*

*admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of October, 2023, a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system all counsel of record.

<u>s/ T. Joseph Snodgrass</u>

15