IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| RICHARD BROWN,<br>*individually, and on behalf of all others similarly situated,*<br><br>            **Plaintiff,**<br><br>            vs.<br><br>**STATE FARM FIRE &**<br>**CASUALTY COMPANY,**<br><br>            **Defendant.** | Case No. 2:23-cv-04002-MDH |

## ORDER

Before the Court is Defendant's Motion for Reconsideration and Certification Under 28 U.S.C. § 1292(b). For reasons herein, Defendant's Motion for Reconsideration is **GRANTED**. The Court has considered Defendant's arguments and this Court's prior order, but declines to modify any prior finding or conclusion. Defendant's Motion for Certification is **GRANTED IN PART AND DENIED IN PART**. Defendant may seek appeal of this Court's prior order on Defendant's Motion to Dismiss, but Defendant's proposed phrasing of the issue for appeal proves unripe. Certification is granted as to the alternative question of law as laid out in this order.

## BACKGROUND

This case revolves around the interpretation of an insurance contract. Plaintiff Richard Brown ("Mr. Brown" or "Plaintiff") suffered a property loss in 2013 to his home—a loss covered by a State Farm homeowner's insurance policy. State Farm was obligated to pay Mr. Brown for the "actual cash value" ("ACV") of the property loss, and indeed State Farm made a payment to

1

Mr. Brown under the policy. However, Mr. Brown alleges that State Farm's deduction of labor-depreciation costs from the payment violated the parties' agreement.

The "Loss Settlement" provision in Plaintiff's Policy provides for "Replacement Cost" coverage, that is, payment up to the "cost to repair or replace . . . the damaged part of the property," in two stages. (Doc. 14-1 at 28). The ACV payment typically is first, "until actual repair or replacement is completed," but it is "not to exceed the cost to repair." (Doc. 14-1 at 28). After repairs, State Farm pays any additional, reasonable costs actually incurred above the ACV payment as replacement cost benefits.

State Farm allegedly chose to calculate Mr. Brown's loss exclusively using a "replacement cost less depreciation" ("RCLD") methodology, and told him so, and it withheld future labor repair costs, totaling $651.15, from his payment. (Doc. 32-2 at 4). ("We determined the actual cash value by deducting depreciation from the estimated repair or replacement cost."). According to Mr. Brown, State Farm's depreciation for labor was improper because State Farm's homeowners' policy does not define "actual cash value" or "depreciation" and does not address depreciating labor costs, and therefore, under Missouri law, labor depreciation should not have been a factor in calculation of the ACV. In other words, Mr. Brown alleges that, "[b]y withholding repair labor costs as depreciation, Defendant breached its obligations to Plaintiff and the putative class members under their respective policies."

This Court previously denied Defendant's Motion to Dismiss, wherein Plaintiff argued, *inter alia*, that the Eighth Circuit's holding in *In re State Farm Fire & Cas. Co.*, 872 F.3d 567, 571 (8th Cir. 2017) ("*LaBrier*") requires dismissal of the present matter. Like the present matter, *LaBrier* dealt generally with the calculation of labor cost depreciation in actual cash value. In *LaBrier*, the Eighth Circuit held that "State Farm's method of determining estimated 'actual cash

2

value' d[id] not breach its replacement cost contract." *LaBrier*, 872 F.3d at 573. More specifically, the Eighth Circuit found that "depreciating what a contractor will charge to replace the partial loss is a reasonable method of estimating 'the difference in value of the property immediately before and immediately after the loss.'" *In re State Farm Fire & Cas. Co.*, 872 F.3d 567, 576 (8th Cir. 2017) (quoting *Wells v. Missouri Prop. Ins. Placement Facility*, 653 S.W.2d 207, 214 (Mo. 1983)).

Some similarities exist between *LaBrier* and the present matter. The policy forms in *LaBrier* and this case both provide for the same two-step loss settlement process: 1) calculating and paying ACV, and 2) subsequently paying reasonable costs actually incurred above the ACV payment. The plaintiffs in both cases alleged that State Farm calculated the ACV payment by depreciating the labor required for the repair, and that that depreciation breached the parties' agreement. In both cases, policies defined neither ACV nor depreciation to include labor costs.

The Eighth Circuit's opinion in *LaBrier* acknowledged a lack of relevant Missouri law, predicting that the Missouri Supreme Court, which does not accept certified questions of law from federal courts, would agree with the Eight Circuit's holding. *LaBrier* at 577. In 2022, however, the Missouri Court of Appeals expressly held that "labor may not be depreciated under an insurance policy that does not define ACV or depreciation to expressly include labor depreciation." *Franklin v. Lexington Ins. Co.*, 652 S.W.3d 286, 303 (Mo. Ct. App. 2022), *reh'g and/or transfer denied* (July 26, 2022), *transfer denied* (Oct. 4, 2022). The Missouri Supreme Court did not review the intermediate appellate Court's *Franklin* decision.

In denying Defendant's Motion to Dismiss in the present matter, this Court found *Franklin* controlled, rather than *LaBrier*. This Court's opinion acknowledged differences in the facts of *LaBrier* and those alleged in the present matter. This Court's prior opinion also relied on Eighth Circuit precedent that expressly provides Eighth Circuit courts "must follow" intermediate

appellate state courts "when they are the best evidence of what state law is." *Holden Farms, Inc. v. Hog Slat, Inc.*, 347 F.3d 1055, 1066 (8th Cir. 2003).

## DISCUSSION

### I. Motion for Reconsideration

In its present motion, Defendant asks this Court to reconsider its prior ruling on Defendant's Motion to Dismiss. Defendant argues reconsideration is warranted with respect to at least four "conclusions" in this Court's prior ruling on Defendant's Motion to Dismiss, all of which constitute error: "(1) Plaintiff's policy is effectively (rather than explicitly) different than the policy at issue in *LaBrier*; (2) Plaintiff has alleged depreciation of a different type of labor cost than was allegedly depreciated in *LaBrier*; (3) unlike the plaintiff in *LaBrier*, Plaintiff here does not dispute certain "valuations" made by State Farm's claim representatives; and (4) unlike in *LaBrier*, Plaintiff's putative class is limited to persons whose ACV payments were estimated using identified depreciation option settings in the relevant estimating software." (Doc. 57 at 2-3).

This Court has considered the merits of Defendant's argument and reaffirms the findings and conclusions within its prior order. Arguments within Defendant's present Motion are largely, as Plaintiff contends, repetitions of Defendant's arguments in the underlying Motion to Dismiss. Further, as all parties are aware, at the 12(b)(6) stage, this Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *McDonough v. Anoka Cnty.*, 799 F.3d 931, 945 (8th Cir. 2015) (internal citations omitted). The Court must also look to whether Plaintiff has stated, simply, "'a claim to relief that is plausible on its face.'" *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Given this deferential standard, Defendant's present Motion affords this Court no opportunity to reverse any part of its prior order.

4

## II. Motion for Certification

As to the issue of certification under § 1292(b), this Court agrees with Defendant that the issue, broadly stated, of whether *LaBrier* or *Franklin* controls the present matter meets the criteria identified by statute. Specifically, this Court's prior order on Defendant's Motion to Dismiss, "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Defendant submits the following as the relevant controlling question of law requiring immediate resolution from the Eighth Circuit.

> Does the Eighth Circuit's holding in *In re State Farm Fire and Casualty Company*, 872 F.3d 567 (8th Cir. 2017) ("*LaBrier*")—namely, that State Farm's methodology for calculating actual cash value payments "does not breach" the language in its insurance policy under Missouri law—require dismissal of claims challenging the same methodology under the same policy, where an intervening Missouri Court of Appeals decision adopted the Eighth Circuit's analysis of Missouri law in *LaBrier* but reached a different conclusion as to the alleged breach there after distinguishing the policy language at issue in the two cases?

This Court disagrees that this is the correct phrasing of the relevant dispositive legal question. Defendant's proposed question, particularly its imbedded claim regarding the similarity of policy language and methodology between the present case and *LaBrier*, includes factual issues that remain insufficiently resolved at this stage of litigation. *See Paschall v. Kansas City Star Co.*, 605 F.2d 403, 406 (8th Cir. 1979) ("The purpose of section 1292(b) is not to offer advisory opinions rendered on hypotheses which (evaporate) in the light of full factual development. Consideration of the factual basis must be such that a sound premise exists upon which the legal issues can be determined with precision.") (internal citations omitted). This is especially true in light of this Court's ruling on Defendant's Motion for Reconsideration. A more accurate phrasing of the relevant dispositive legal issue that proves ripe is as follows.

5

> Under Missouri contract law, may an insurer depreciate labor costs when determining actual cash value, as the Eighth Circuit previously found in *In re State Farm Fire and Casualty Company*, 872 F.3d 567 (8th Cir. 2017) ("*LaBrier*"), in light of: 1) the Eighth Circuit's holding in *Holden Farms, Inc. v. Hog Slat, Inc.*, 347 F.3d 1055, 1066 (8th Cir. 2003) that the Eighth Circuit "must follow" intermediate appellate state courts "when they are the best evidence of what state law is;" and 2) the Missouri Court of Appeals' conclusion in *Franklin v. Lexington Ins. Co.*, 652 S.W.3d 286, 303 (Mo. Ct. App. 2022) that "in the absence of an express policy provision that allows for it, labor does not fall within that which can be depreciated when an insured is entitled to an ACV payment."

At the core of both the present matter and *LaBrier* is a rather straightforward question of whether Missouri law permits insurance companies to depreciate labor from actual cost value absent a policy term that expressly allows such a determination. If yes, then this Court's prior order on Defendant's Motion to Dismiss is due for reversal. If no, then the prior order stands. This would appear to be so as a matter of law regardless of any alleged factual departures between the present matter and *LaBrier*. The source of confusion in the present matter is not factual, but instead a legal question of the interplay between the Missouri Court of Appeals' holding in *Franklin* and the Eighth Circuit's holdings in *Holden Farms* and *LaBrier*. As this Court sees it, the Eighth Circuit is well positioned to make a determination of that legal issue, thereby avoiding possibly unnecessary and doubtlessly costly class-action discovery.

## CONCLUSION

For foregoing reasons, Defendant's Motion for Reconsideration is **GRANTED**. The Court has considered Defendant's arguments and this Court's prior order, but declines to modify any prior finding or conclusion. Defendant's Motion for Certification is **GRANTED IN PART AND DENIED IN PART**. Defendant may seek appeal of this Court's prior order on Defendant's Motion to Dismiss, but Defendant's proposed phrasing of the issue for appeal proves unripe. Certification is granted as to the alternative question of law as laid out in this order.

**IT IS SO ORDERED.**

Dated: January 31, 2024                                          */s/ Douglas Harpool*
                                                                 **DOUGLAS HARPOOL**
                                                                 **United States District Judge**